## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| EDDIE BROWN<br>    La. DOC #396086<br>VS.<br><br>WARDEN ALVIN JONES | CIVIL ACTION NO. 08-0751<br><br>SECTION P<br>JUDGE JAMES<br>MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Eddie Brown, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 27, 2008. Petitioner attacks his 2006 convictions for distribution of drugs in the Fourth Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

On September 13, 2005, petitioner was arrested by the Ouachita Parish Sheriff's Office and charged with three counts of distribution of cocaine, one count of possession with intent to distribute cocaine, and one count of possession of marijuana. According to the arresting officer's affidavit of probable cause, petitioner was arrested after having sold cocaine to an undercover police officer on three occasions. Upon arrest, petitioner was alleged to have told officers where additional drugs were located. [rec. doc. 1, p. 38]

In due course, counsel was appointed to represent petitioner. Counsel filed a motion to suppress and a motion for a preliminary hearing. Petitioner filed a *pro se* motion to have counsel

discharged. On February 3, 2006, a hearing was convened. Petitioner's *pro se* motion was denied and after a hearing, the court found probable cause to charge petitioner and denied his motion to suppress. [rec. doc. 1, p. 23] Petitioner then withdrew his not guilty plea and entered a plea of guilty as charged to three counts of distribution of cocaine; in accordance with a plea agreement, he was sentenced to serve 10 years at hard labor on each count and the sentences were ordered to be served concurrently with each other and with any other sentence petitioner was serving.[1] [rec. doc. 1, p. 23; p. 12]

Petitioner did not appeal his conviction or sentence. [rec. doc. 1, ¶6][2]

On October 12, 2006, petitioner filed a *pro se* Application for Post-Conviction Relief in the Fourth Judicial District Court. He argued three claims for relief: (1) Conviction obtained by the use of evidence gained pursuant to an unconstitutional search and seizure (according to petitioner, "Narcotic Agents forced entry into my residence without proper consent and without a search warrant presented to seize narcotics."); (2) Conviction obtained by the use of evidence obtained pursuant to an unlawful arrest (according to petitioner, "Defendant was asleep at his residence when arrested on the morning of 9-13-05 without an arrest warrant or without exigent circumstances to make a lawful entry and arrest on allegations of distribution that was committed on 8-16-05, 8-18-05, and 8-24-05."); and, (3) Ineffective assistance of counsel (according to

---

[1] According to the affidavit of probable cause, at the time of his arrest, petitioner was on parole on a prior distribution of cocaine charge. [rec. doc. 1, p. 38]

[2] Indeed, petitioner could not have appealed either his conviction or sentence. Under Louisiana law, and subject to certain exceptions, an unqualified guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976). Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Petitioner was sentenced in accordance with the plea agreement which called for the imposition of concurrent 10-year sentences. [rec. doc. 1, p. 12]

2

petitioner, "Defendant filed a motion to dismiss appointed counsel due to the lack of representation and also for not filing proper pre-trial motions that needed to be filed to raise the claims presented in this application.) [rec. doc. 1, pp. 16-22]

On October 18, 2006, the trial court denied Claims One and Two on procedural grounds. The court noted that petitioner's guilty plea, without reservation, operated to waive those complaints. However, since a different judge presided over the Motion to Suppress, the judge refused to summarily dispose of the claim. [rec. doc. 1, pp. 9-11]

What happened thereafter is uncertain because petitioner has not provided the court's judgment or reasons for judgment with regard to the ineffective assistance of counsel claim. Nevertheless, it must be presumed that the trial court denied this claim too, because on May 21, 2007, petitioner submitted a writ application to Louisiana's Second Circuit Court of Appeals.[3] In that application, petitioner apparently alleged "coercion or inducement in the plea" in addition to the claims raised in the district court. On June 21, 2007, the Second Circuit denied writs finding,

> The applicant's claims of coercion or inducement in the plea are meritless. The applicant was told the sentence he was to receive and agreed to it. His plea was not coerced or induced by any information to the contrary allegedly received from his attorney. The applicant pled guilty with not reservation of review on pre-plea rulings, and any claim of error in any pre-plea rulings is thus waived. No ineffectiveness of counsel is shown in the failure to raise or assert pre-trial claims. The trial court correctly denied relief, and the writ is denied.

See *State of Louisiana v. Eddie Brown, III*, No. 42671-KH (La. App. 2 Cir. 6/21/2007) (unpublished order) [rec. doc. 1, p. 14] The Court of Appeal sent Notice of Judgment to petitioner on the date that the judgment was rendered. [rec. doc. 1, p. 13]

On some unspecified date petitioner submitted a *pro se* application for writs to the

---

[3] Petitioner did not provide a copy of the writ application filed in the Second Circuit Court of Appeals.

Louisiana Supreme Court. In a rambling hand-written memorandum petitioner argued a claim of ineffective assistance of counsel based on counsel's failure to consult and advise him of his right to appeal the denial of his motion to suppress, and a claim that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest. In a typed addendum to that pleading petitioner complained that the District Attorney failed to timely file an answer to his Application for Post-Conviction Relief as required by La. C.Cr.P. art. 927(A); that counsel was ineffective at the motion to suppress because she did not defend petitioner's Fourth Amendment rights; that counsel's advice to plead guilty also amounted to ineffective assistance; and, finally, that the Clerk of Court and District Attorney did not provide him with transcripts and that impeded him from raising claims. [rec. doc. 1, pp. 24-32]

On April 18, 2008, the Supreme Court denied his writ application without comment. *State of Louisiana ex rel. Eddie Brown, III v. State of Louisiana*, 2007-1455 (La. 4/18/2008), 978 So.2d 342.

Petitioner mailed his *habeas* petition on May 23, 2008 [rec. doc. 1, p. 39]; it was received and filed on May 27, 2008. Petitioner argues that (1) his conviction was obtained by the use of evidence obtained pursuant to an unlawful search; (2) ineffective assistance of counsel based on counsel's failure to advise him of his right to appeal, thus misleading petitioner; (3) conviction obtained by the use of a coerced confession when court-appointed counsel "confessed, 'Don't whine when they give you life' in Court, but petitioner has no knowledge if it was stated on record." [rec. doc. 1, ¶5]

***Law and Analysis***

**1. Rule 4 Considerations**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of *habeas* petitions and further states, "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner has provided the information needed to complete an initial review. As shown hereinafter, the petition and exhibits plainly establish that petitioner is not entitled to relief and therefore his petition should be dismissed with prejudice.

**2. Claim One – Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.**
     **a. Stone v. Powell Considerations**

In Claim 1 petitioner argues that he was convicted by the use of evidence obtained in an unlawful arrest. He argues that he was asleep in his residence when he was arrested on September 13, 2005. He claims that the arrest was a warrantless arrest and that there were no exigent circumstances. In support of this latter allegation he shows that the offenses he was arrested for were alleged to have occurred approximately one-month prior to his arrest. [rec. doc. 1, ¶5(a)]

Petitioner, however, admits, and the record supports his admission, that he was afforded the opportunity to litigate this allegedly unlawful search and seizure in a Motion to Suppress on

February 3, 2006. [rec. doc. 1, p. 23]

Petitioner's first claim is barred from federal *habeas* review by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Under *Stone* a federal court may not grant *habeas corpus* relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. See *Stone*, 428 U.S. at 494, 96 S.Ct. 3037; *Williams v. Collins*, 16 F.3d 626, 637-38 (5th Cir.), *cert. denied*, 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994). This rule applies to <u>all</u> claims arising under the Fourth Amendment. See, e.g., *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 76 L.Ed.2d 333 (1983) (*per curiam*) (arrest); *Williams*, 16 F.3d at 637-38 (search and seizure). In order to obtain relief in federal court, a petitioner must plead and prove that the state court proceeding was inadequate and did not provide a full and fair opportunity to litigate his Fourth Amendment claim. See *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir.1986) (*per curiam*).

"Full and fair" in this context means that where <u>facts</u> are in dispute, full and fair consideration requires consideration by the fact-finder, and at least the availability of meaningful appellate review by a higher state court. *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir.) (emphasis in original), *cert. denied*, 433 U.S. 911, 97 S.Ct. 2981, 53 L.Ed.2d 1096 (1977); *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986). As shown above, petitioner was provided a full and fair opportunity to litigate his Fourth Amendment claims. His attorney filed a pre-trial Motion to Suppress and was afforded an evidentiary hearing. Further, under Louisiana law, appellate review of the denial of the motion was available, but petitioner's unqualified guilty plea waived his right to appellate review.[4] Nevertheless, since petitioner maintains that he did not

---

[4] Petitioner specifically waived his right to appeal when he entered his plea. [rec. doc. 1, p. 12]

knowingly and intelligently waive his right to appellate review of the motion to suppress, further discussion is in order.

### b. Waiver of Claim

Even if consideration of petitioner's unlawful arrest/search and seizure claim is not barred by *Stone v. Powell*, there remain additional reasons why relief may not be granted on the claim. Petitioner raised this claim in his Application for Post-Conviction Relief. However, the trial court declined to address the merits of the claim stating, "... the Record reflects no reservation of rights to challenge the adverse ruling on the motion to suppress in connection with the entry of the pleas of guilty and accompanying sentences petitioner now attacks... [c]onsequently, the entry of petitioner's pleas of guilty and his sentencing without such an express reservation constitutes a waiver of these complaints." [rec. doc. 1, p. 10] The Second Circuit Court of Appeals also refused to reach the merits of the claim noting, "The applicant pled guilty with no reservation of review on pre-plea rulings, and any claim of error in any pre-plea rulings is thus waived." [rec. doc. 1, p. 14] These Louisiana courts correctly concluded that these claims were waived by petitioner's unqualified plea of guilty. A knowing and voluntary plea of guilty waives all preceding non-jurisdictional defects, including Fourth Amendment claims. *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386 (5th Cir. 1995), citing *United States v. Diaz*, 733 F.2d 371, 376 n. 2 (5th Cir.1984); *Williams v. Wainwright*, 604 F.2d 404, 406-07 (5th Cir.1979); *Ortega-Velasquez v. United States*, 465 F.2d 419 (5th Cir.1972). The evidence thus far submitted indicates that petitioner's plea was free and voluntary and was not the subject of force, coercion, or threats. [rec. doc. 1, p. 12]

### c. Merits of the Claim

Finally, petitioner's claim is manifestly without merit. The record reflects that he was convicted of three counts of distribution of cocaine. Petitioner himself admits that these offenses were committed on August 16, 18, and 25, 2005. [rec. doc. 1, ¶5(a)]. The evidence of his guilt on these charges was contained in the video tapes of petitioner's cocaine sales to undercover police officers and not anything seized from his residence on the day of his arrest. [rec. doc. 1, pp. 23, p. 38]

### *3. Claims Two and Three – Exhaustion/Procedural Default/Cause and Prejudice/ Actual Innocence*

Title 28 U.S.C. §2254 states, in part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

\*   \*   \*

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to

guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court in a procedurally correct manner. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom*. *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is, of course, the Louisiana Supreme Court.

Two of petitioner's claims for relief -- Claim Two and Claim Three -- were not properly exhausted. In Claim Two, petitioner argues ineffective assistance of counsel based on counsel's failure to advise him of his right to appeal the denial of the motion to suppress. However, petitioner did not argue this same claim in his Application for Post-Conviction Relief. As shown above, petitioner argued that his counsel was ineffective because counsel failed to file proper pre-trial motions. [rec. doc. 1, pp. 16-22] He apparently raised this same claim in the Second Circuit Court of Appeals because that court's judgment stated, "No ineffectiveness of counsel is shown in

9

the failure to raise or assert pre-trial claims." [rec. doc. 1, p. 14] It appears that petitioner raised the substance of the instant ineffectiveness of counsel claim – counsel failed to advise petitioner of his right to appeal – for the first time in his writ application in the Louisiana Supreme Court. [rec. doc. 1, pp. 24-32]

In Claim Three petitioner argues that his guilty plea was "coerced" by his court-appointed attorney who advised him "Don't whine when they give you life." It does not appear that petitioner raised such a claim in his Application for Post-Conviction Relief in the District Court. In that pleading, petitioner argued that counsel was ineffective due to "a lack of representation and also for not filing proper pre-trial motions that needed to be filed to raise the claims presented in this application." [rec. doc. 1, pp. 16-22][5] He apparently raised the substance of this claim in his writ application in the Second Circuit Court of Appeals because that court denied relief finding, "The applicant's claims of coercion or inducement in the plea are meritless. The applicant was told the sentence he was to receive and agreed to it. His plea was not coerced or induced by any information to the contrary allegedly received from his attorney." [rec. doc. 1, p. 14] However, even assuming that he raised the substance of this "coercion" claim in the district court and the court of appeals, it is manifestly clear that he did not raise any claim of coercion by counsel in his

---

[5] The undersigned notes that the trial court addressed a "coercion" claim in its ruling denying petitioner's application for post-conviction relief, stating, "Concerning Petitioner's claim that he was led to believe he would receive probation or a lesser sentence than the 10 year hard labor sentence imposed and ordered served concurrently on each of the three counts of distribution of cocaine to which he entered a plea of guilty, even a cursory examination of the Record reveals this claim to be utterly meritless. The same holds true with respect to a related claim that Petitioner was coerced by his attorney to enter the pleas of guilty in question by means of an inducement that he would receive a lesser sentence than that actually imposed. The Record contains a written waiver of constitutional rights and plea of guilty filed contemporaneously with Petitioner's pleas and sentencing on February 3, 2006. This form, initialed and signed by Petitioner, specifically refutes both of the claims set forth hereinabove and affirmatively establishes that the sentences imposed were 'agreed-upon' and that Petitioner was not forced, coerced or threatened in any way to enter his pleas of guilty." [rec. doc. 1, p. 9]

writ application in the Louisiana Supreme Court. [rec. doc. 1, pp. 24-32]

The exhaustion requirement is satisfied only when the substance of the federal *habeas* claim has been "fairly presented" to the highest state court. A claim is "fairly presented" when the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir.2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003); and *Mercadel v. Cain*, 179 F.3d 271 at 275 (5th Cir. 1999). The petitioner does not need to spell out each syllable of the claim to the state court for the claim to have been "fairly presented." *Riley v. Cockrell*, 339 F.3d 308 at 318 (5th Cir. 2003); *Fisher v. Texas,* 169 F.3d 295, 303 (5th Cir.1999).

The presentation of claims for the first time on discretionary review to the state's highest court does not constitute "fair presentation" for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d at 92.

*Apropos* to this case, the exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal *habeas* petition that were not argued in the State proceedings. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Riley v. Cockrell*, 339 F.3d at 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."); *Wilder v. Cockrell*, 274 F.3d at 259, ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"); and *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir.2001). In addition, in order to have "fairly presented" his federal claim, the petitioner must have alerted the state

courts to the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. at 29-32, 124 S.Ct. at 1349-51 (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim); *Wilder v. Cockrell*, 274 F.3d at 260: "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights."

As noted above, petitioner raised ineffective assistance of counsel claims in the State court proceedings, however, the factual basis for the State court claims differs significantly from the factual basis of his federal ineffective assistance claims. Petitioner now claims that his counsel was ineffective when he failed to advise him of his right to appeal the denial of the motion to suppress and when he "coerced" him into pleading guilty by threatening life-imprisonment. Neither of these claims were fairly presented to the Louisiana courts in a procedurally correct manner and therefore both Claims Two and Three remain unexhausted. While these claims remain unexhausted, both could be said to be "technically exhausted" since petitioner cannot now litigate these claims in the Louisiana courts.[6] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct.

---

[6] Petitioner could not now raise these claims in a second Application for Post-Conviction Relief since under Louisiana law, any future attempt to raise this claim in an Application for Post-Conviction Relief would likely be dismissed as repetitive under La. C.Cr.P. art. 930.4(D) (A successive application may be dismissed if it fails to raise a new or different claim.") or (E) (" A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."), or as time-barred by the provisions of La. C.Cr.P. art. 930.8. That statute provides a two-year period of limitations for filing applications for post-conviction relief and that period is generally reckoned from the date that the applicant's judgment of conviction becomes final under Louisiana law. Petitioner's judgment of conviction became final under the provisions of Louisiana law sometime in March 2006 when the delays for filing an appeal lapsed. See La. C.Cr.P. art. 914(B) and La. C.Cr.P. art. 930.8(A). Thus, any application for post-conviction relief filed subsequent to March 2008 would likely be dismissed as untimely.

1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c). When state court remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

It is reasonable to conclude that petitioner is now unable to litigate these claims in the courts of Louisiana, and that any attempt to litigate Claims Two and Three would result in dismissal on procedural grounds. Therefore, his claims must now be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping- pong' and hold

the claim procedurally barred from *habeas* review").

### a. "Cause and Prejudice"

In order for petitioner to avoid a procedural bar he must show "cause and prejudice" for the default by showing that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claims in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can fault only himself for his failure to "fairly present" his federal *habeas* claims to the Louisiana Courts. It was incumbent on petitioner to consistently articulate each and every claim of ineffective assistance of counsel in his State post-conviction proceedings. His failure to do so resulted in his current predicament, however, he can fault no one but himself for his dilemma.

Nevertheless, even if petitioner could establish cause for his default, his claims would still be subject to dismissal because, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for the error</u>, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003).

Thus, even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Louisiana courts would have ruled favorably on these claims had they been fairly presented to the Louisiana

Supreme Court in a procedurally appropriate manner.⁷

### b. Fundamental Miscarriage of Justice – "Actual Innocence"

Petitioner may also obtain federal review of a technically exhausted but procedurally defaulted claim by showing that the failure to consider the claim will result in a "fundamental miscarriage of justice." In order to make such a showing, the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner has not provided any new and reliable evidence of his innocence. To the contrary, as noted above, the evidence of petitioner's guilt appears to be overwhelming.⁸

### c. The Merits of Petitioner's Ineffective Assistance of Counsel Claims

Even if petitioner's ineffective assistance claims were addressed they would clearly be subject to dismissal on the merits.

With regard to the claim that counsel was ineffective for failing to advise petitioner of his right to appeal the denial of his motion to suppress, such a claim is without a basis in law or fact. Neither petitioner's pleadings and exhibits nor common sense give any reason to suspect that the

---

⁷ See the discussion in Part c, below.

⁸ Again, petitioner pled guilty to these offenses. He made a statement in court under oath that he in fact committed the offenses, and, apparently, there was video tape surveillance evidence of the petitioner selling cocaine to an undercover police officer.

State would have offered the favorable plea bargain of concurrent 10 year sentences had petitioner conditioned the bargain on his right to appeal the denial of the motion to suppress. After all, the essence of a plea agreement is that both the prosecution and the defense make concessions to avoid potential losses. *Hughey v. United States*, 495 U.S. 411, 421, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). The State would have gained little by offering such a generous plea conditioned upon having to defend the plea on appeal. Thus, the failure to advise petitioner of his right to appeal the denial of the motion to suppress was, even if deficient, not prejudicial. Likewise, petitioner's claim that he was coerced into pleading guilty by his attorney's statement, "Don't whine when they give you life..." is manifestly without a basis in fact or law. In the Waiver of Constitutional Rights/Plea of Guilty form, he specifically stated that he was in no way "... forced, coerced or threatened to enter this guilty plea." [rec. doc. 1, p. 12]

Further, under Louisiana law, distribution of cocaine is punishable by a sentence of "... not less than two years nor more than thirty years..." La. R.S.40:967(B)(4)(b). The record reflects that petitioner was on parole for a prior distribution of cocaine charge and thus, he could have been charged with distribution of cocaine as a second or subsequent offense and punished with "... a term of imprisonment that is <u>twice that otherwise authorized</u>..." La. R.S.40:982(A). Had petitioner gone to trial, he was exposed to consecutive 30 year sentences and possibly, consecutive 60 year sentences. In short, counsel's statement should not be considered a threat, so much as a statement of fact. Petitioner greatly benefitted from a plea agreement negotiated by his attorney and it is unlikely that any court would consider the complained of statement a threat that vitiated petitioner's otherwise voluntary plea.

With regard to both claims of ineffective assistance – failure to advise concerning the right

16

to appeal, and coercion – in order to prevail on the merits of these claims, petitioner must demonstrate that "but for" counsel's error, he would have rejected the plea and insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In other words a state prisoner attacking his guilty plea conviction based on ineffective assistance of counsel must establish: (1) that his attorney erred and that but for the error he would not have pleaded guilty; and (2) that the outcome of the proceeding was unreliable or fundamentally unfair. *Del Toro v. Quarterman*, 498 F.3d 486, 490 (5th Cir.2007) (citing *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir.1994), *cert. denied*, 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995)); see also *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (emphasizing that *Strickland's* prejudice prong requires the petitioner to demonstrate that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair"). Petitioner has never alleged, neither here nor in the State court proceedings, that he was not guilty of the three counts of distribution of cocaine for which he was convicted. It appears that there was ample evidence of his guilt insofar as he was alleged to have sold cocaine to an undercover police officer on three separate occasions, and that the three transactions were videotaped. In short, petitioner has not, nor can he show that but for counsel's alleged errors he would have rejected the 10 year plea agreement and insisted on going to trial and being exposed to extremely long prison sentences; nor has he shown that the ultimate result of this prosecution was unreliable. Thus, his ineffective assistance of counsel claims are clearly without merit.

### d. Conclusion

Claim One is not a proper subject for federal habeas corpus since petitioner attacks an

unlawful arrest or search and seizure and he was afforded the opportunity to contest the legality of the arrest, search, and seizure in a motion to suppress convened prior to trial. Further, under federal law, petitioner's unqualified guilty plea operated as a waiver of his right to further contest the issue. Finally, petitioner's claim is without merit – the evidence seized on the date of his arrest was not related to his convictions for offenses that occurred a month prior to his arrest.

Petitioner failed to exhaust available state court remedies with respect to Claims Two and Three. His claims would be subject to dismissal were he now to attempt exhaustion in the courts of Louisiana. Therefore, his claims, although "technically exhausted" are procedurally defaulted. Since petitioner has not shown "cause" and "prejudice" for the default, and, since he has not shown that the failure to review his claims on the merits would result in a "miscarriage of justice" the petition should be denied and dismissed with prejudice.[9] Further, even if the merits of these claims were addressed, petitioner's claims of ineffective assistance of counsel are manifestly without merit. Petitioner has not shown that counsel's performance was deficient; nor has he shown prejudice sufficient to undermine confidence in the outcome of the proceedings.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

---

[9] Petitioner may submit evidence and argument of "cause and prejudice" and "actual innocence" in his Objections to this Report and Recommendation, and, he is encouraged to do so. Further, in the event petitioner objects to this Report and Recommendation, he is encouraged to provide a copy of the plea transcript to establish his implied claim that his pleas were not knowing and voluntary.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 14th, 2008.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE